IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| PATRICK WALKER, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | CASE NO. 5:11-CV-360-CAR-MSH |
| | : | 42 U.S.C. § 1983 |
| Warden VICTOR WALKER, Medical | : | |
| Director INE AKUMWANNE, and | : | |
| Medical Administrator SPIKE, | : | |
| | : | |
| Defendants. | : | |

_____

# **O R D E R**

Plaintiff Patrick Walker, presently an inmate at Smith State Prison, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 and Title II of the Americans with Disabilities Act (the "ADA"), 42 U.S.C. § 12101, *et seq.* His Complaint is before the Court for preliminary review under 28 U.S.C. § 1915A. Additionally, Plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) is presently pending before the Court. For the reasons discussed below, Plaintiff's motion to proceed *in forma pauperis* ("IFP") is granted. Additionally, the Court orders service as to the Defendants in this case.

## BACKGROUND

Plaintiff suffers from a degenerative hip condition, which "cause[s Plaintiff] great pain doing movement and difficulty walking." (Compl. 4, ECF No. 1.) During his prior incarceration at Baldwin State Prison, Plaintiff had medical profiles for "lower range housing" and "med-assisted living." (Compl. Ex. G, ECF No. 1-7.) Plaintiff was

nevertheless housed in a building that required him to use stairs on a daily basis. (Compl. 5.) Plaintiff allegedly complained about his housing to Defendants Warden Victor Walker and Medical Director Dr. Ine Akumwanne, but both Defendants failed to move Plaintiff to a location consistent with his medical profile. (Compl. 4-5.) Plaintiff states that on July 7, 2011, he fell down the stairs and suffered injuries. (Compl. 5.)

On August 4, 2011, Plaintiff submitted a written statement to Defendant Medical Administrator Spike in which Plaintiff noted the pain in his hip and his continuing problem using the stairs (Compl. Ex. D, ECF No. 1-4). Plaintiff requested accommodations consistent with his hip condition, but Spike allegedly failed to respond. Plaintiff seeks compensatory, punitive, and nominal damages, and expenses and costs of litigation in compensation for these grievances. (Compl. 6-7.)

## DISCUSSION

I.   **Motion to proceed** *in forma pauperis*

Plaintiff seeks leave to proceed without prepayment of the $350.00 filing fee or security therefor pursuant to 28 U.S.C. § 1915(a) (ECF No. 2). Based on Plaintiff's submissions, the Court finds that Plaintiff is unable to prepay the $350.00 filing fee. Accordingly, the Court **GRANTS** Plaintiff's motion to proceed *in forma pauperis* and waives the initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1).

However, even if a prisoner is allowed to proceed *in forma pauperis*, he must nevertheless pay the full amount of the $350.00 filing fee. 28 U.S.C. § 1915(b)(1). If sufficient assets are not in the account, the court must assess an initial partial filing fee

based on the assets available. Despite this requirement, a prisoner may not be prohibited from bringing a civil action because he has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4). Plaintiff must pay 20% per month of his prison account until the $350.00 filing fee is paid in full.

In accordance with provisions of the Prison Litigation Reform Act ("PLRA"), the warden of the institution wherein Plaintiff is incarcerated, or the sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this court twenty percent (20%) per month of Plaintiff's prison account until the $350.00 filing fee is paid in full, provided the amount in the account exceeds $10.00. The Clerk of Court is directed to send a copy of this Order to the business manager of Smith State Prison. It is further ordered and directed that collection of monthly payments from plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

In the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; plaintiff shall continue to remit monthly payments as required by the PLRA. Collection from the Plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event Plaintiff is released from custody and fails to remit payments. In addition, Plaintiff's

3

Complaint is subject to dismissal if he has the ability to make monthly payments and fails to do so.

## II.     Preliminary Review of Plaintiff's Complaint

### A.     Standard for Preliminary Review

Plaintiff's Complaint is before the Court for initial screening pursuant to the provisions of the PLRA.  As codified at 28 U.S.C. § 1915A, the PLRA provides:

> (a) Screening – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) Grounds for Dismissal – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
>> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>>
>> (2) seeks monetary relief from a defendant who is immune from such relief.

Additionally, the Court must review Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2) which similarly requires the Court to dismiss an *in forma pauperis* complaint, or any portion thereof, if the court determines that it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  "The standards governing dismissal under Rule 12(b)(6) apply to § 1915(e)(2)(b)(ii)."  *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008).  "A complaint is subject to dismissal for failure to state a claim if

4

the allegations, taken as true, show [that] the plaintiff is not entitled to relief." *Jones v. Bock*, 549 U.S. 199, 215 (2007).

  B. Plaintiff's Complaint

  It is by no means clear that Plaintiff will ultimately prevail on the merits of his claims. However, construing the complaint liberally in favor of Plaintiff, the undersigned will allow Plaintiff's claims under section 1983 and the ADA to go forward at this time against all three Defendants.[1]

  In light of the foregoing, it is hereby **ORDERED** that service be made on Warden Victor Walker, Medical Director Dr. Ine Akumwanne, and Medical Administrator Spike, and that they file an Answer, or such other response as may be appropriate under Rule 12 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1915, and the PLRA. Defendants are reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Federal Rules of Civil Procedure Rule 4(d).

## CONCLUSION

  For the reasons explained above, Plaintiff's motion to proceed IFP is granted. Additionally, his Complaint is sufficient under the preliminary review standard to

---

[1] Plaintiff has been moved from Baldwin State Prison and is now incarcerated at Smith State Prison. Thus, to the extent Plaintiff seeks injunctive relief, his claim is mooted by his transfer from Baldwin State Prison. *Zatler v. Wainwright*, 802 F.2d 397, 399 (11th Cir. 1986) (a prisoner's claim for injunctive relief is mooted by his transfer or release from the facility about which he complains).

proceed at this point. Consequently, the Court orders service on the Defendants as explained below.

## ORDER FOR SERVICE

## DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall at all time keep the clerk of this court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of any change of address may result in the dismissal of a party's pleadings filed herein.

## DUTY TO PROSECUTE ACTION

Plaintiff is advised that he must diligently prosecute his complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendants are advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, DISCOVERY AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions,

pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a <u>certificate of service</u> indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.).

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the defendants from whom discovery is sought by the plaintiff. The Defendants shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure. The deposition of the plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian. **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and interrogatories) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the defendant(s) (whichever comes first) unless an extension is

otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendants and granted by the court.  This 90-day period shall run separately as to each plaintiff and each defendant beginning on the date of filing of each Defendants' answer(s) or dispositive motion(s) (whichever comes first).  The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall <u>not</u> be filed with the Clerk of Court.  No party shall be required to respond to any discovery not directed to him/her or served upon him/her by the opposing counsel/party.  The undersigned incorporates herein those parts of the Local Rules imposing the following limitations on discovery: <u>except with written permission of the court first obtained</u>, interrogatories may not exceed TWENTY-FIVE (25) to each party, requests for production of documents and things under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and requests for admissions under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party.  No party shall be required to respond to any such requests which exceed these limitations.

## REQUESTS FOR DISMISSAL AND/OR JUDGMENT

Dismissal of this action or requests for judgment will not be considered by the court absent the filing of a separate motion therefor accompanied by a brief/memorandum of law citing supporting authorities.  Dispositive motions should be filed at the earliest

time possible, but in any event no later than thirty (30) days after the close of discovery unless otherwise directed by the court.

SO ORDERED, this 15th day of November, 2011.

<u>S/ Stephen Hyles</u>
UNITED STATES MAGISTRATE JUDGE