IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| PATRICK WALKER, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | CASE NO. 5:11-CV-360-CAR-MSH |
| | : | 42 U.S.C. § 1983 |
| Warden VICTOR WALKER, Medical | : | |
| Director INE AKUMWANNE, and | : | |
| Medical Administrator SPIKE, | : | |
| | : | |
| Defendants. | : | |
| _____ | | |

## REPORT AND RECOMMENDATION

Plaintiff filed this action on August 29, 2011, pursuant to 42 U.S.C. § 1983 and Title II of the Americans with Disabilities Act (the "ADA"), 42 U.S.C. § 12101, *et seq.* Defendants moved to dismiss Plaintiff's Complaint on January 17, 2012. (ECF No. 15.) Plaintiff responded and filed a surreply to Defendants' motion. (ECF Nos. 16, 22.) For the reasons described below, Defendants' motion should be granted and this case dismissed.

### BACKGROUND

Plaintiff brings this action under § 1983 and the ADA. Plaintiff claims to suffer from a degenerative hip condition, which "cause[s Plaintiff] great pain doing movement and difficulty walking." (Compl. 4, ECF No. 1.) During his prior incarceration at Baldwin State Prison, Plaintiff had medical profiles for "lower range housing" and "med-assisted living." (Compl. Ex. G, ECF No. 1-7.) Plaintiff contends that while at Baldwin

State Prison this time, he was housed in a building that required him to use stairs on a daily basis.  (Compl. 5.)  Plaintiff allegedly complained about his housing to Defendants Warden Victor Walker and Medical Director Dr. Ine Akumwanne, but both Defendants failed to move Plaintiff to a location consistent with his medical profile.  (Compl. 4-5.)  Plaintiff states that on July 7, 2011, he fell down the stairs and suffered injuries.  (Compl. 5.)

On August 4, 2011, Plaintiff submitted a written statement to Defendant Health Services Administrator Speight in which Plaintiff noted the pain in his hip and his continuing problem using the stairs (Compl. Ex. D, ECF No. 1-4).  Plaintiff requested accommodations consistent with his hip condition, but Speight allegedly failed to respond.  Plaintiff seeks compensatory, punitive, and nominal damages, and expenses and costs of litigation in compensation for these grievances.  (Compl. 6-7.)  Defendants move to dismiss Plaintiff's claims for failure to state a claim, failure to exhaust Plaintiff's available administrative remedies, and based upon qualified immunity.

## DISCUSSION

Defendants claim that Plaintiff's Complaint should be dismissed for failure to state a claim, for failure to exhaust, and because Defendants are entitled to qualified immunity.  Because, as explained below, the Court recommends dismissal for failure to state a claim, the Court does not reach Defendants' exhaustion or qualified immunity arguments.

I.     **Standard of Review for Failure to State a Claim**

When considering a 12(b)(6) motion to dismiss, the Court must accept as true all facts set forth in the plaintiff's complaint and limit its consideration to the pleadings and

exhibits attached thereto. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (quoting *Twombly*, 550 U.S. at 570). The complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "[A] formulaic recitation of the elements of a cause of action will not do[.]" *Id.* Although the complaint must contain factual allegations that "raise a reasonable expectation that discovery will reveal evidence of" the plaintiff's claims, *id.* at 556, "Rule 12(b)(6) does not permit dismissal of a well-pleaded complaint simply because 'it strikes a savvy judge that actual proof of those facts is improbable,'" *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Twombly,* 550 U.S. at 556).

**II.     Plaintiff's Claims**

    A.     <u>Section 1983 Claims</u>

Plaintiff claims that Defendant Walker violated his Eighth Amendment rights by being deliberately indifferent to his medical needs and prison living conditions. (Compl. 4.) He further argues that Defendant Dr. Akumwanne violated his Eighth Amendment rights by being deliberately indifferent to his medical needs and intentionally denying Plaintiff "adequate medical care." (Compl. 5.) Finally, he claims that the prison Health Services Administrator, Defendant Speight, violated his Eighth Amendment rights by being deliberately indifferent to the "cruel and unusual punishment" inflicted on Plaintiff by Defendant Akumwanne. (Compl. 5.) Plaintiff has not specified whether he brings

these claims against these Defendants in their individual or official capacities. Therefore the Court assumes he intended to assert claims under both theories.

### 1. *Defendants in their Official Capacities*

Plaintiff has sued the Baldwin State Prison Warden, the Prison doctor, and the Prison Heath Services Administrator in their official capacities. "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (citations omitted). "As such, it is no different from a suit against the State itself. *Id.* "A foundational premise of the federal system is that States, as sovereigns, are immune from suits for damages, save as they elect to waive that defense." *Coleman v. Ct. App. of Md.*, -- U.S. -- , 132 S. Ct. 1327, 1333 (2010). "As an exception to this principle, Congress may abrogate the States' immunity from suit pursuant to its powers under § 5 of the Fourteenth Amendment." *Id.* Section 1983 is not a "Congressional abrogation of the state's immunity from damages suits," *Gamble v. Fl. Dep't of Health & Rehab. Servs.*, 779 F.2d 1509, 1512 (11th Cir. 1986), and Georgia has not otherwise waived its right to assert an Eleventh Amendment immunity defense against § 1983 claims. *See., e.g., Williams v. Bd. of Regents of Univ. Sys. of Ga.*, 477 F.3d 1282, 1301-02 (11th Cir. 2007). Consequently, Plaintiff's claims against the Defendants in their official capacities are barred by the Eleventh Amendment and should be dismissed.

### 2. *Claims against Defendants in their individual capacities*

Plaintiff claims that Defendants violated the Eighth Amendment by being deliberately indifferent to Plaintiff's medical needs and by subjecting him to an

unconstitutional condition of confinement. Specifically, Plaintiff contends that Defendant Akumwanne was deliberately indifferent to his medical needs by failing to give Plaintiff a stronger pain medication. Plaintiff contends that Defendants Walker and Speight were likewise deliberately indifferent to his medical needs because they knew that Dr. Akumwanne did not give him stronger pain medication, but did nothing to remedy his complaint. Finally, Plaintiff claims that all three Defendants subjected him to unconstitutional conditions of confinement by assigning him to a housing unit that has "more than several steps." (Compl. 5.)

a. Deliberate indifference to medical needs

"Deliberate indifference to a detainee's serious medical needs requires (1) an objectively serious medical need and (2) a defendant who acted with deliberate indifference to that need." *Pourmoghani-Esfahani v. Gee*, 625 F.3d 1313, 1317 (11th Cir. 2010). "[A] serious medical need is considered one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Farrow v. West,* 320 F.3d 1235, 1243 (11th Cir. 2003) (internal quotation marks and citation omitted). Furthermore, a plaintiff must show that the defendant "(1) [had] subjective knowledge of a risk of serious harm; (2) disregard[ed] . . . that risk; (3) by conduct that is more than [gross] negligence." *Youmans v. Gagnon*, 626 F.3d 557, 564 (11th Cir. 2010) (internal quotation marks and citations omitted) (alterations in original).

Even taking Plaintiff's allegations as true, it is clear that Defendants were not deliberately indifferent to Plaintiff's medical needs. To the contrary, Plaintiff's

5

allegations show that Defendant Akumwanne met with Plaintiff several times to discuss the pain in his hip, prescribed him pain medication, but refused to give Plaintiff stronger pain killers because Dr. Akumwanne was concerned that stronger medication could injure Plaintiff's lungs and kidneys. (Compl. 5.) At most, this is a difference in opinion between Plaintiff and his medical provider as to the proper course of treatment for his medical condition. Such disagreements "between the prison's medical staff and the inmate as to the latter's diagnosis or course of treatment" fail to establish claims of deliberate indifference. *Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir. 1991) (citations omitted); *see also, e.g. Woody v. Chronic*, 401 F. App'x 509, 512 (11th Cir. 2010) ("Generally, an inmate who receives a medical diagnosis and care, but desires a different diagnosis or treatment, cannot show deliberate indifference."). Plaintiff has therefore failed to state a claim for deliberate indifference to his serious medical needs and these claims should be dismissed.

      b.    Unconstitutional conditions of confinement

"[I]n its prohibition of 'cruel and unusual punishments,' the Eighth Amendment requires that prison officials provide humane conditions of confinement." *Thomas v. Bryant*, 614 F.3d 1288, 1306 (11th Cir. 2010) (citation omitted). "However, . . . only those conditions which objectively amount to an 'extreme deprivation' violating contemporary standards of decency are subject to Eighth Amendment scrutiny." *Id.* at 1306-07 (citation omitted). The alleged unconstitutional conditions must pose "a substantial risk of serious harm." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal quotation marks and citations omitted). In order to establish a violation of the Eighth

Amendment, the plaintiff must show an objectively "sufficiently serious" deprivation, and that "a prison official's act or omission [resulted] in the denial of the minimal civilized measure of life's necessities[.]" *Id*. The plaintiff must also show that the prison official had a "sufficiently culpable state of mind"—i.e., that he was deliberately indifferent to the risk of harm to the inmate. *Id.*

Plaintiff's allegations fail to state a claim for an Eighth Amendment violation under this standard. Plaintiff merely alleges that he had a "hard time" going up and down the "more then [sic] several" stairs in his building at Baldwin State Prison. (Compl. 5.) He also alleges that he fell down the stairs causing "abrasion, bruises and cuts." (*Id.*) He admits that he has a "cane to help [him,]" but states that "it is not helping that much." (Compl. 4.) Although Plaintiff has alleged difficulty in going up and down the stairs, he has not alleged an "extreme deprivation" which has created a "substantial risk of serious harm," *Thomas*, 614 F.3d at 1306; nor has he alleged an act by any of the Defendants which has resulted in the "denial of the minimal civilized measure of life's necessities." *Farmer*, 511 U.S. at 834. Plaintiff has therefore failed to state a claim for unconstitutional conditions of confinement. These claims should be dismissed.

B.     ADA Claims

Plaintiff asserts that Defendants have "violate[d] [his] rights to the Americans with Disabilities Act." (Compl. 4.) With regard to Defendant Walker, Plaintiff claims that he "fail[ed] to accommodate the special needs[] for [Plaintiff's] disability." (*Id.*) Plaintiff contends that Dr. Akumwanne violated his ADA rights by failing to put Plaintiff in a "lower range housing" unit and by failing to give Plaintiff stronger pain medication.

Finally, regarding Defendant Speight, Plaintiff contends that he told Defendant Speight that his hip was causing pain and that Dr. Akumwanne failed to provide him with stronger pain medication, but that Defendant Speight failed to remedy these issues in violation of the ADA.[1]

### 1. *Claims against the Defendants in their official capacities*

"Under most circumstances, the Eleventh Amendment bars suits against states and state entities by their citizens." *Williams*, 477 F.3d at 1301 (11th Cir. 2007) at 1301 (citation omitted). However, Title II of the ADA "validly abrogates state sovereign immunity" to the extent that a plaintiff has brought an action for damages "against the State[] for conduct that *actually* violates the Fourteenth Amendment." *United States v. Georgia*, 546 U.S. 151, 159 (2006). Consequently, to the extent that Plaintiff is asserting a Title II claim against the Defendants for conduct that actually violates the Fourteenth Amendment, such claim would not be barred by Eleventh Amendment Immunity.

Plaintiff has failed to even allege such a claim. Instead, he rests his claims solely on the Eighth Amendment prohibition against cruel and unusual punishment. Plaintiff's claim should therefore be dismissed. However, even if the Court assumed that the State's Eleventh Amendment immunity was somehow abrogated in this case, Plaintiff has failed to state a claim for relief under the ADA.

---

[1] To the extent that Plaintiff's Complaint could be construed as seeking injunctive relief against these Defendants in the form of accommodations, those claims were previously dismissed as moot because Plaintiff has been transferred from Baldwin State Prison to Smith State Prison. (Order 5 n.1, Nov. 14, 2011, ECF No. 6.)

"To state a claim under Title II of the ADA, a plaintiff must allege: (1) that he is a qualified individual with a disability; (2) that he was excluded from participation in or . . . denied the benefits of the services, programs, or activities of a public entity or otherwise discriminated [against] by such entity; (3) by reason of such disability." *Shotz v. Cates*, 256 F.3d 1077, 1079 (11th Cir. 2001) (internal quotation marks and citation omitted) (alteration in original).  Although Plaintiff generally claims that the Defendants have violated his "rights to the Americans with Disabilities Act," Plaintiff has failed to clearly allege a specific disability under the Act. *See, e.g., Greenberg v. BellSouth Telecomms., Inc.*, 498 F.3d 1258, 1264 (11th Cir. 2007) ("[A] plaintiff qualifies as disabled under the ADA if he has '(A) a physical or mental impairment that substantially limits one or more of the major life activities . . . ; (B) a record of such an impairment; or (C) [is] regarded as having such an impairment." (quoting 42 U.S.C. § 12102(2)) (second alteration in original)).  Even if the Court assumes that his "degenerative hip condition" does qualify as a disability under the Act, Plaintiff has failed to allege that he is otherwise a qualified individual.  *See Miller v. King*, 384 F.3d 1248, 1266 (11th Cir. 2004), *vacated on other grounds,* 449 F.3d 1149 (11th Cir. 2006) ("A disabled prisoner may not be 'qualified' under the ADA to participate in various services, programs, or activities because of disciplinary reasons, health reasons, or other, valid penal justifications."); *see also Love v. Westville Corr. Ctr.,* 103 F.3d 558, 560 (11th Cir. 1996) ("Proving the first element of [a Title II] case requires, in turn, that the plaintiff show that he meets the essential eligibility requirements for participating in the program, with or without reasonable accommodations." (internal quotation marks and citations omitted)).  Plaintiff has

9

likewise failed to allege that he has been denied the benefits of the services, programs, or activities of a public entity or that he has been otherwise discriminated against because of his disability. Plaintiff has not alleged, for example, that because of his hip condition he has been denied access to the law library, missed a meal, or lost an opportunity to participate in other services or programs offered by Baldwin State Prison. Plaintiff has consequently failed to present a *prima facie* case of discrimination pursuant to the ADA and his claims against the Defendants in their official capacities should be dismissed.

>    2.    *Claims against Defendants in their individual capacities*

To the extent that Plaintiff brings this action against Defendants in their individual capacities, such claims must also be dismissed. The ADA provides a cause of action against an entity or employer, but not against an individual acting under color of state law. *See Mason v. Stallings*, 82 F.3d 1007, 1009 (11th Cir. 1996) ("We hold that the Disabilities Act does not provide for individual liability, only for employer liability.") "The ADA imposes *respondeat superior* liability on the employer for the discriminatory acts of its employees." *Rylee v. Chapman*, 316 F. App'x 901, 905 (11th Cir. 2009). In other words, "there is no individual capacity liability under Title II of the ADA[.]" *Badillo v. Thorpe*, 158 F. App'x 208, 211 (11th Cir. 2005). Consequently, any claims pursuant to Title II of the ADA against these Defendants in their individual capacities fail to state a claim and should be dismissed.

## CONCLUSION

For the reasons described above, the claims against these Defendants should be dismissed. It is therefore recommended that Defendants' motion to dismiss (ECF No. 15)

be GRANTED.[2]   Under 28 U.S.C. § 636(b)(1), Plaintiff may file objections to this Recommendation in writing with the United States District Judge within FOURTEEN (14) DAYS after being served with a copy hereof.

     SO RECOMMENDED, this 15th day of June, 2012.

                                S/Stephen Hyles
                                UNITED STATES MAGISTRATE JUDGE

---

[2] Also presently pending is Plaintiff's Motion to Appoint Counsel (ECF No. 11).  Because the Court recommends dismissing Plaintiff's case, the Court recommends dismissal of Plaintiff's motion to appoint as moot.